IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILL M., by and through his father and natural guardian, William M., et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES FINANCE AND SUPPORT, et. al.,<br><br>　　　　Defendants. | 4:03CV3189<br><br><br><br><br>**MEMORANDUM**<br>**AND ORDER** |

　　　This matter is before the court on the Magistrate Judge's Report and Recommendation (filing 86), the Plaintiffs' objection to such Report and Recommendation (filing 96), and briefs of the parties (Pls.' Br. in Supp. of Obj. (filing 97), Defs.' Br. in Opp'n to Obj. (filing 99)), filed as allowed by 28 U.S.C. § 636(b)(1)(C) and NECivR 72.4.

　　　I have conducted, pursuant to 28 U.S.C. § 636(b)(1) and NECivR 72.4, a de novo review of the portions of the Report and Recommendation to which objections have been made. I find that the Report and Recommendation should be adopted. Inasmuch as Judge Piester has fully, carefully, and correctly found the facts and applied the law, I need only state that Plaintiffs' motion for class certification and appointment of class counsel (filing 58) should be denied in all respects.

　　　Judge Piester concludes that the proposed class "lacks a concise and exact definition . . . ." (Filing 86 at 2.) He notes that the proffered class definition includes persons identified on the Registry[1], which is an ever-changing group as the Registry

---

　　　[1]Capitalized terms have the meanings ascribed in the Report and Recommendation (filing 86).

is consistently modified and updated. Judge Piester apparently considered the proposed class to include "unnamed persons who claim to be eligible but who have been determined by the State to be ineligible for services" (filing 86 at 3). This is inaccurate, as the class includes only persons who are eligible for services. The proposed class was defined as

> all present and future <u>individuals with developmental disabilities in Nebraska who are eligible</u> for Medical Assistance Home and Community-Based Services but either are not receiving funding for such services, or are not receiving sufficient funding for such services to reasonably achieve the purpose of the service, assure the class member's health and safety, or ensure progress toward independence, interdependence, productivity and community integration.

(Filing 58 ¶ 1 (emphasis added).) However, I agree with Judge Piester that the proposed class is not capable of a concise and exact definition. Since persons who are receiving funding that is "insufficient" to "reasonably achieve the purpose of the service", "assure the class member's health and safety", or "ensure progress toward independence, interdependence, productivity and community integration" are class members, the court would have to determine whether the partial funding had any of the proscribed effects. In addition, the court would have to determine whether the reason class members are not receiving services is lack of funding rather than some other cause (such as lack of need or community manpower). This would be a fact-specific inquiry unique to each plaintiff and would require substantial court intervention. (The need for this fact-specific inquiry also indicates that the commonality required by Fed. R. Civ. P. 23(a)(2) is absent.)

Plaintiffs assert that since their motion for class certification was made at an early stage, and since only injunctive and declaratory relief is sought, the class definition can be somewhat imprecise and can be "tailor[ed]" as the case proceeds. (Filing 97 at 16.) I reject this assertion. The proposed class definition is not merely

imprecise, but incapable of precise definition without extensive individualized factual inquiry by the court. The imprecision in the class definition is based in the lack of commonality of claims. I agree with Judge Piester's conclusion regarding commonality, namely that

> [t]he named plaintiffs essentially share one legal grievance: they claim they have been denied legally mandated services because the State either denies or improperly administers these services due to lack of funding. . . .
>
> A generalized claim for injunctive and declaratory relief to remedy alleged systematic failures in a state's delivery of legally-mandated services does not present a sufficient 'common question of law or fact' for the purposes of Rule 23(a)(2).

(Filing 86 at 12 (citing J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1289 (10th Cir. 1999).)

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (filing 86) is adopted;

2. Plaintiffs' objection to the Magistrate Judge's Report and Recommendation (filing 96) is denied; and

3. Plaintiffs' motion for class certification and appointment of class counsel (filing 58) is denied.

September 8, 2005.    BY THE COURT:

*s/Richard G. Kopf*
United States District Judge