IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILL M., by and through his father and natural guardian, William M.; JOHN DOE, by and through his mother and natural guardian, Jane Doe; HEATHER V., by and through her mother and guardian, Marcia V.; JANE S.; KEVIN V., by and through his legal guardian Kathy V.; JENNIFER T., by and through her legal guardians, Sharon and Greg T.; LESLIE H.; CATHERINE M.; STEPHANIE B.; CONRAD J., by and through his legal guardian, C.W. J.; CHRISTOPHER H., by and through his legal guardian, Sue H.; MICHAEL R., by and through his legal guardian, Susan R.; and on behalf of themselves and all other persons similarly situated,<br><br>              Plaintiffs,<br><br>              vs.<br><br>NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES FINANCE AND SUPPORT, NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, RICHARD NELSON, in his official capacity as the Director of Nebraska Department of Health & Human Services Finance and Support; and NANCY MONTANEZ, in her official capacity as the Director of Nebraska Department of Health & Human Services,<br><br>              Defendants. | Case No. 4:03CV3189<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**MEMORANDUM<br>AND ORDER** |

The parties have filed a "Joint Motion and Stipulation for Approval of Settlement" (filing 171). They ask me to "approve" the settlement agreement.

I am willing to grant the motion and "approve" the stipulation and related settlement agreement with the following understanding:

(1) I make no determination that the settlement agreement is good or bad or fair or unfair.

(2) With the exception that I will resolve the attorney fee question as contemplated by the settlement agreement, I retain no jurisdiction to enforce or construe the settlement agreement in the future. Furthermore, my "approval" of the settlement agreement does not suggest that there would later be federal jurisdiction to construe or enforce the terms of the settlement agreement. In other words, the settlement agreement is merely a contract between the parties and my "approval" of it confers no other status.

(3) Plaintiffs' counsel will be understood to have represented to me that each person signing the settlement agreement for a disabled person has the authority to do so.

With the foregoing in mind,

IT IS ORDERED that:

1. No later than the close of business on April 17, 2008, a lawyer for the plaintiffs shall file in the court file a response making <u>one</u> of the two statements described below:

   A. Having read the Court's memorandum and order of April 9, 2008, the plaintiffs request the court to grant the joint motion and stipulation for approval of settlement appearing at filing 171.

   B. Having read the Court's memorandum and order of April 9, 2008, the plaintiffs request the court to deny the joint motion and stipulation for approval of settlement appearing at filing 171 .

2. No later than the close of business on April 17, 2008, a lawyer for the defendants shall file in the court file a response making <u>one</u> of the two statements described below:

    A.    Having read the Court's memorandum and order of April 9, 2008, the defendants request the court to grant the joint motion and stipulation for approval of settlement appearing at filing 171.

    B.    Having read the Court's memorandum and order of April 9, 2008, the defendants request the court to deny the joint motion and stipulation for approval of settlement appearing at filing 171 .

3.    Failure to timely comply with this memorandum and order may result in the imposition of sanctions including, but not limited to, those detailed in Federal Rule of Civil Procedure 37(b)(2).

April 9, 2008.    BY THE COURT:

    *s/Richard G. Kopf*
    United States District Judge