IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILL M., by and through his father and natural guardian, William M.; JOHN DOE, by and through his mother and natural guardian, Jane Doe; HEATHER V., by and through her mother and guardian, Marcia V.; JANE S.; KEVIN V., by and through his legal guardian Kathy V.; JENNIFER T., by and through her legal guardians, Sharon and Greg T.; LESLIE H.; CATHERINE M.; STEPHANIE B.; CONRAD J., by and through his legal guardian, C.W. J.; CHRISTOPHER H., by and through his legal guardian, Sue H.; MICHAEL R., by and through his legal guardian, Susan R.; and on behalf of themselves and all other persons similarly situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES FINANCE AND SUPPORT, NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, RICHARD NELSON, in his official capacity as the Director of Nebraska Department of Health & Human Services Finance and Support; and NANCY MONTANEZ, in her official capacity as the Director of Nebraska Department of Health & Human Services,<br><br>  Defendants. | Case No. 4:03CV3189<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**MEMORANDUM AND ORDER** |

Before I "approved" the settlement agreement in this case, the parties were informed in a memorandum and order that:

 1. I made no determination that the settlement agreement was good or bad or fair or unfair.

2.  With the exception that I would resolve the attorney fee question, I retained no jurisdiction to enforce or construe the settlement agreement in the future. In other words, the settlement agreement was merely a contract between the parties and my "approval" of it conferred no other status.

(Filing 172 (April 9, 2008 Mem & and Order).)

To be doubly sure, I required the parties to certify that they had read the aforementioned memorandum and order and, after having done so, requested that I grant the joint motion and stipulation for approval of settlement. (*Id.*) Both parties filed the required certifications. (Filings 174 (Defs.' Resp.) & 175 (Pls.' Resp.) Thereafter, I "approved" the settlement agreement, subject to the terms of my previous memorandum and order. (Filing 177 (April 21, 2008 Mem. & Order).) Judgement was entered dismissing this case with prejudice with the court retaining jurisdiction only to decide the attorney fee question. (Filing 179.)

In a similar case, the Eighth Circuit has ruled that a private settlement agreement is not enough to allow attorney fees under 42 U.S.C. § 1988(b). *Christina A. v. Bloomberg,* 315 F.3d 990, 993 (8th Cir. 2003) (settlement agreement failed to make juvenile inmate class a "prevailing party" and thus no attorney fees were awarded). *See also Rexam Inc. v. United Steel Workers of America, AFL-CIO-CLC,* No. 03-CV-2998, 2008 WL 583702 (D. Minn. Feb. 6, 2008) (following *Christina A*).

The plaintiffs acknowledge the existence of *Christina A* but criticize the opinion, suggesting that I should not follow it. (Filing 182 (Pls.' Br.)at CM/ECF p. 7.) As a district judge within the Eighth Circuit, I am not free to disregard precedent from the Eighth Circuit. I must follow *Christina A* because it is a closely analogous case and is properly considered precedential.[1]

Here, there is no question that the agreement I "approved" is nothing more than a private settlement agreement. I made that plain to the parties before I approved their agreement. Knowing my views, they asked me to approve their disposition of this case understanding that I expressed no opinion on the merits of the agreement and that I retained no jurisdiction to enforce or construe their contract. Simply put, the plaintiffs are not "prevailing parties" within the meaning of any of the applicable statutes or cases. Therefore, I should not award them attorney fees.

---

[1] Although the Court of Appeals does not need my approval, in my view, *Christina A* was properly decided.

Accordingly,

IT IS ORDERED that the motion for attorney fees (filing 180) is denied. A separate judgment will be issued.

June 20, 2008.                    BY THE COURT:

                                  *s/Richard G. Kopf*
                                  United States District Judge